UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JACOB W. BEENTJES,

    Plaintiff,

    v.

PLACER COUNTY AIR POLLUTION CONTROL DISTRICT,

    Defendant.

_____/

NO. CIV. S-00-1423 FCD/JFM

**AMENDED STATUS (PRETRIAL SCHEDULING) ORDER**

After reviewing the parties' Joint Status Report, the court makes the following orders:

**I.    SERVICE OF PROCESS**

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown.

**II.    ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS**

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown. See Fed. R. Civ. P.16 (b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

**III.    JURISDICTION/VENUE**

Jurisdiction is predicated upon 28 U.S.C. § 1331. Jurisdiction and venue are not contested.

## IV. DISCOVERY

All discovery has been completed.

## V. DISCLOSURE OF EXPERT WITNESSES

Expert witnesses have been disclosed.

## VI. MOTION HEARING SCHEDULE

All new dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **October 7, 2005.** The parties may obtain available hearing dates by calling Maureen Price, Deputy Courtroom Clerk, (916) 930-4163.

All purely legal issues are to be resolved by timely pretrial motions. Local Rule 78-230 governs the calendaring and procedures of civil motions with the following additions:

(a) The opposition and reply must be filed **by 4:00 p.m.** on the day due; and

(b) When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day **immediately preceding** the legal holiday.

Failure to comply with Local Rule 78-230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion[1] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial. Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995).

The court places a page limit of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies. All requests for page limit increases must be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the motion.

For the court's convenience, citations to Supreme Court cases should include parallel

---

[1] The court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 56-260.

citations to the Supreme Court Reporter.

The parties are reminded that a motion in limine is a pretrial procedural device designed to address the admissibility of evidence. The court will look with disfavor upon dispositional motions (except those noted on page 3) presented at the Final Pretrial Conference or at trial in the guise of motions in limine.

**The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.**

### VII.   FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **December 16, 2005**, at **1:30 p.m.** At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference. If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties, are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. The parties shall file, not later than seven (7) calendar days prior to the Final Pretrial Conference, a **joint** pretrial statement. The provisions of Local Rules 16-281 shall apply with respect to the matters to be included in the joint pretrial statement. In addition to those subjects listed in Local Rule 16-281(b), the parties are to provide the court with a plain, concise statement that identifies every non-discovery motion tendered to the court and its resolution.

Failure to comply with Local Rule 16-281, as modified by this order, may be grounds for sanctions.

**At the time of filing the Final Pretrial Conference Statement, counsel shall deliver to the court a floppy disk compatible with WordPerfect Windows 8.0 or 6.1, or WordPerfect 5.1, containing the statement in its entirety (including the witness and exhibit lists).**

The parties should identify first the core undisputed facts relevant to all claims. The parties should then, in a concise manner, identify those undisputed core facts that are relevant to

each claim.  The disputed facts should be identified in the same manner.  Where the parties are unable to agree as to what disputed facts are properly before the court for trial, they should nevertheless list all disputed facts asserted by each party.  Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument or authorities with any point of law.

The parties shall prepare a **joint** statement of the case in plain concise language which will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 16-281 they are required to list in the Final Pretrial Conference Statement **all** witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a **brief** statement of the nature of the testimony to be proffered.  The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the court: yellow for plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  All multi page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.  **In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first identified</u>.  The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused**

**by one exhibit being identified with both a number and a letter.**

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Counsel shall produce all trial exhibits to Maureen Price, the Courtroom Clerk, **no later than 3:00 p.m. on the Friday before trial.**

The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must cooperatively prepare the joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.[2] A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

### VIII.   TRIAL SETTING

The trial is set for **February 28, 2006** at **9:00 a.m.** Trial will be by jury. The parties estimate a trial length of approximately **ten (10) days**.

### IX.   SETTLEMENT CONFERENCE

No settlement conference is currently scheduled. A settlement conference may be set at the time of the Final Pretrial Conference or at an earlier time at the parties' request. In the event that an earlier settlement conference date is requested, the parties shall file said request jointly, in writing. If the case will be tried to a jury, all parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification

---

[2] "If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose of the case or claims. Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 868-69 (9th Cir. 1985).

by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms. At least seven (7) calendar days before the Settlement Conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement. Such statements are neither to be filed with the Clerk nor served on opposing counsel. Each party, however, shall serve notice on all other parties that the statement has been submitted. If the settlement judge is not the trial judge, the Settlement Conference Statement shall not be disclosed to the trial judge.

### X.  MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause. Agreement by the parties pursuant to stipulation alone does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

### XI.  OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further order of the court unless objections are filed within **ten (10) *court* days** of service of this Order.

IT IS SO ORDERED.

DATED: June 7, 2005.

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE